UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARL JEROME HOLMES,

          Petitioner,

vs.                                    Case No. 3:09-cv-871-J-34JRK

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

          Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

### A. Status

Petitioner, a federal inmate, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on August 14, 2009, pursuant to the mailbox rule.[1] Petitioner challenges a 1997 state court (Hamilton County, Florida) judgment of conviction for four counts of battery on a law enforcement officer.[2]

---

[1] The Petition (Doc. #1) was filed in this Court on August 19, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (August 14, 2009). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] Petitioner is in the custody of the Federal Bureau of Prisons until the projected release date of November 21, 2013 (see http://www.bop.gov) and thereafter will serve the Hamilton County, Florida, sentence of nine years' imprisonment (Case No. 92-129-CF).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Response Moving to Dismiss Untimely and Unexhausted Habeas Petition (Response) (Doc. #9).[3] On October 27, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #6), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. As of the date of this Order, Petitioner has not submitted a brief in reply. This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue. Petitioner was charged with four counts of battery on a law enforcement officer. Resp. Ex. B at 201-05, Information. The jury found Holmes guilty of the four counts of battery on a law enforcement officer. Id. at 248-49, Verdicts. On January 24, 1994, the trial court adjudicated Petitioner guilty of the four counts of battery on a law enforcement officer and sentenced him to nine years on each count, to run concurrently. Id. at 256-70, Judgment.

On appeal, Petitioner, through counsel, filed a brief, Resp. Ex. D; the State filed an Answer Brief, Resp. Ex. E; and Petitioner filed a Reply Brief, Resp. Ex. F. On April 7, 1995, the appellate court, in a written decision, affirmed Petitioner's convictions,

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

but vacated the sentences and remanded the case for resentencing. <u>Holmes v. State</u>, 653 So.2d 464 (Fla. 1st DCA 1995); Resp. Ex. G. The mandate issued on April 25, 1995.[4]

On December 15, 1997, the trial court resentenced Petitioner to five years on count one and four years on the remaining counts, to run concurrently to each other but consecutively to the sentence on the first count. Resp. Ex. G at 48-65. On appeal, Petitioner, through counsel, filed a brief, Resp. Ex. H, and the State filed an Answer Brief, Resp. Ex. I. The appellate court affirmed the convictions and sentences per curiam on November 23, 1998. <u>Holmes v. State</u>, 727 So.2d 916 (Fla. 1st DCA 1998); Resp. Ex. J. The mandate issued on December 18, 1998.[5] Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on February 21, 1999 (90 days after November 23, 1998). <u>See</u> <u>Close v. United States</u>, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for <u>certiorari</u> must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Petitioner's

---

[4] Online docket, <u>Carl Jerome Holmes vs. Florida</u>, Case No. 1D94-548, website for the First District Court of Appeal (http://www.1dca.org).

[5] Online docket, <u>Carl Jerome Holmes vs. Florida</u>, Case No. 1D98-130, http://www.1dca.org.

conviction was <u>after</u> April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (February 21, 2000). His Petition, filed on August 14, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on February 22, 1999, and ran for over eight (8) years until November 16, 2007, when Petitioner filed a <u>pro se</u> motion for post conviction relief. Resp. Ex. K. Construing the motion as a motion to correct illegal sentence, the court dismissed grounds one and four and denied grounds two and three on August 15, 2008. Resp. Ex. M. Petitioner did not appeal.

At the time Petitioner filed the motion for post conviction relief on November 16, 2007, the one-year limitations period had already expired. That post-conviction motion filed after the expiration of the one-year limitations period did not toll the limitations period. <u>See</u> <u>Tinker v. Moore</u>, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), <u>cert</u>. <u>denied</u>, 534 U.S. 1144 (2002); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2),

even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Based on the foregoing, the Petition, filed August 14, 2009, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling. See Petition (Doc. #1) at 14. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond

6

his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Respondents' Motion to Dismiss (Doc. #9) is **GRANTED**.

2.   This case is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4.   If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2010.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 9/24
c:
Carl Jerome Holmes
Ass't Attorney General (Hill)